586 F.2d 723
 78-2 USTC P 9833
 CENTRALIA FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellant.
EVERGREEN FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellant.
 Nos. 77-1339, 77-1340.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 22, 1978.
 
 David English Carmack (argued), Washington, D. C., for C. I. R.
 William H. Kinsey (argued), Portland, Or., for appellee.
 Consolidated Appeals from Decisions of the United States Tax Court.
 Before WRIGHT and ANDERSON, Circuit Judges, and McNICHOLS,* District Judge.
 PER CURIAM:
 
 
 1
 These appeals, consolidated in the Tax Court for all purposes, present but one issue: whether the taxpayers' methods of accounting for their bad-debt reserves complied with the requirements of § 593(c)(1) (26 U.S.C.A. § 593(c)(1)). The Commissioner appeals in both cases, urging that the Tax Court erred in finding and concluding that these taxpayers (Centralia and Evergreen) had substantially complied with the applicable statutes and regulations and were entitled to claim the bad-debt deductions. The findings and opinion of the Tax Court are reported at 66 T.C. 599 (June 1976). We have jurisdiction under § 7482 (26 U.S.C.A. § 7482) of the Internal Revenue Code of 1954. We affirm.
 
 
 2
 No discernible interest would be served for us to engage in an extensive review of the evidence, legislative history, statutes, regulations, and the cases. The Tax Court dealt exhaustively with all of these appropriate areas of inquiry and rejected the various arguments of the Commissioner. In so doing, the Tax Court adopted a practical, common sense approach and determination. We have thoroughly considered the record and all proceedings below and we simply cannot conclude that clear error was committed nor that the decision of the Tax Court "is not in accordance with law." Rule 52(a), F.R.Civ.P., 26 U.S.C.A. § 7482(c)(1). We approve the findings and the opinion of the Tax Court.
 
 
 3
 We emphasize, as did the Tax Court, that the taxpayers did not seek to evade taxes nor to gain any tax advantage. Reconstruction and identification of bad-debt reserves for income tax reporting and audit purposes was reasonably accomplished from the taxpayers' rather simplified method of bookkeeping, but including detailed income tax returns. Cf. Pensacola Home and Savings Assoc. v. United States, 37 AFTR2d 457 (1975).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The Honorable Raymond C. McNichols, Chief District Judge, District of Idaho, sitting by designation